UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.

ADNAN S. KHAN,
Defendant.

Docket No. 2:24-cr-00043

PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District

of Vermont (hereafter "the United States"), and the Defendant, ADNAN S. KHAN, agree to the

following in regard to the disposition of pending criminal charges.

1.    ADNAN S. KHAN agrees to plead guilty to Count 1 of the Indictment, charging

him with Conspiracy to Commit Unlawful Drug Distribution, in violation of 21 U.S.C. § 846.

2.    ADNAN S. KHAN understands, agrees, and has had explained to him by counsel

that the Court may impose the following sentence on his plea: up to 10 years of imprisonment,

pursuant to 21 U.S.C. § 841(b)(1)(E)(i); at least two years of supervised release pursuant to 21

U.S.C. § 841(b)(1)(E)(iii); up to a $500,000 fine, pursuant to 21 U.S.C. § 841(b)(1)(E)(i); and a

$100 special assessment, pursuant to 18 U.S.C. § 3013.

3.    ADNAN S. KHAN agrees to plead guilty because he is, in fact, guilty of the above

crime.

4.    ADNAN S. KHAN stipulates to, agrees with, and admits the following facts:

    a.    **Relevant Entities and Agencies**

        i.    New England Medicine & Counseling Associates, PLLC

("NEMCA") was a professional limited liability company formed by ADNAN S.

1

KHAN and Co-Conspirator 1 in 2016 under the laws of New Hampshire. NEMCA operated a network of clinics located in New England, including in Vermont, New Hampshire, and Maine.

       ii.      Financial Institution 1 was a bank with locations throughout the District of New Hampshire.

       iii.      The New England Strike Force was a law enforcement partnership whose purpose was to identify and prosecute health care fraud and other criminal schemes impacting the New England region. The Health Care Fraud Unit in the Criminal Division's Fraud Section, the U.S. Attorneys' Offices for New Hampshire, Maine, and Vermont, as well as law enforcement partners at the U.S. Department of Health and Human Services Office of the Inspector General (HHS-OIG), the Federal Bureau of Investigation (FBI), and the U.S. Drug Enforcement Administration (DEA), were part of that partnership.

b.    **Relevant Parties**

       i.      ADNAN S. KHAN, a resident of New Hampshire, was a Doctor of Medicine, licensed by the States of Vermont and New Hampshire to practice medicine, and registered with the DEA to prescribe controlled substances. ADNAN S. KHAN was an owner and operator of NEMCA, and was enrolled as a provider with Medicare, Vermont Medicaid, and other Federal health care benefit programs.

       ii.      Co-Conspirator 1, a resident of Georgia and formerly a resident of New Hampshire, was a Doctor of Medicine previously licensed with the State of

New Hampshire to practice medicine. Co-Conspirator 1 partnered with ADNAN
S. KHAN in owning and operating NEMCA.

c.    **The Conspiracy**

       i.       Through NEMCA, ADNAN S. KHAN conspired with Co-
Conspirator 1 to prescribe buprenorphine to individuals in exchange for cash
outside of the usual course of professional practice and without a legitimate medical
purpose, in violation of Title 21 U.S.C. § 846.

**Creation of the New England Strike Force**

       ii.      On July 19, 2022, ADNAN S. KHAN emailed Co-Conspirator 1 a
press release from the United States Department of Justice ("USDOJ"), announcing
the creation of the New England Strike Force.

       iii.     Co-Conspirator 1 responded, "They do not mention
bup[renorphine], but it is clear that 'making profit off of patients' is geared towards
folks like us. Curious where this will lead."

       iv.     On July 20, 2022, ADNAN S. KHAN emailed NEMCA staff about
the creation of the USDOJ's New England Strike Force. ADNAN S. KHAN stated,
"I have been informed that there is a new task force . . . [for the New England states]
on the lookout for medical professionals who are prescribing scheduled meds
irresponsibility, etc." In light of this, ADNAN S. KHAN warned his staff that, "It
is not a matter of if someone from such a task force will visit NEMCA but rather a
matter of time."

v.      ADNAN S. KHAN further directed his staff "NOT to engage or discuss anything [with the USDOJ's New England Strike Force] about NEMCA, what we do, what we offer, fees, etc."

**ADNAN S. KHAN's and Co-Conspirator 1's Illegal Prescribing Practices**

vi.     Through their operation of NEMCA, ADNAN S. KHAN and Co-Conspirator 1 agreed to prescribe buprenorphine under their respective DEA registration numbers, despite knowing that their patients were diverting their prescriptions.

vii.    ADNAN S. KHAN and Co-Conspirator 1 further agreed to falsify and cause the falsification of medical records in order to make it appear as if prescriptions for buprenorphine were medically necessary, including documenting false allergies to naloxone, in order to justify not prescribing Suboxone (a combination product including buprenorphine and naloxone, an opioid antagonist).

viii.   On July 8, 2018, Co-Conspirator 1 sent an email to ADNAN S. KHAN, with the subject line "scared," after learning that pharmacies would no longer fill prescriptions for buprenorphine. Co-Conspirator 1 told ADNAN S. KHAN that he hoped that they could keep most "honest patients" by transitioning them to other drugs, but they might lose the "dishonest" patients, who were "selling their meds." ADNAN S. KHAN responded that transitioning patients to a new drug would "indeed be helpful for the honest patients but that is unfortunately the smaller part of our clientele . . . it's the diverters we need to try to figure out a way to retain."

ix.     On March 4, 2017, Co-Conspirator 1 emailed ADNAN S. KHAN and other NEMCA employees, suggesting that NEMCA patients could be sent to a

4

hospital where Co-Conspirator 1 was working, so that he could fraudulently document a naloxone allergy in order to justify the illegal prescriptions for buprenorphine from Co-Conspirator 1 and ADNAN S. KHAN at NEMCA.

**NEMCA Patients were Required to Pay Cash for Illegal Prescriptions**

x.     Although many of ADNAN S. KHAN's patients were economically disadvantaged, ADNAN S. KHAN and Co-Conspirator 1 required NEMCA patients to pay cash for purported office visits to receive controlled-substance prescriptions, including buprenorphine, despite many of these patients having health care benefit coverage, including from Medicare and Vermont Medicaid.

xi.     ADNAN S. KHAN and Co-Conspirator 1 required that patients pay $250 in cash for purported office visits, in exchange for receiving their prescriptions. ADNAN S. KHAN and Co-Conspirator 1 agreed to lessen a patient's dosage of buprenorphine, if the patient could not afford the full $250 payment.

xii.     On March 30, 2017, ADNAN S. KHAN emailed Co-Conspirator 1 and other NEMCA employees, telling him that he thought they "need to give patients a heads up about the <$250.00 policy that will mandate a 4mg reduction in their dose." ADNAN S. KHAN suggested that, beginning in May 2017, if a patient could not afford NEMCA's $250 payment, they would reduce that patient's buprenorphine prescription by 4mg. Co-Conspirator 1 responded, "Cool."

xiii.     On April 12, 2018, Co-Conspirator 1 emailed ADNAN S. KHAN, suggesting that they give $100 "scholarships" to patients who owed the practice money. ADNAN S. KHAN responded, "Stuck on 'who' should get them. Shitbag patients owe me so much that $100 won't even put a dent on their account and they

probably won't appreciate it. Maybe the borderline ones who are just over the $250 threshold? They would probably get on their knees in gratitude."

    xiv.      It was further part of the conspiracy that ADNAN S. KHAN deposited the cash that he received from NEMCA patients at Financial Institution 1. On multiple occasions, ADNAN S. KHAN personally deposited over $10,000 in cash at Financial Institution 1.

    xv.      During the conspiracy, ADNAN S. KHAN diverted funds that he earned from NEMCA for his personal use and benefit, including by purchasing a Piper Cherokee airplane and multiple properties in New England.

**Summary of ADNAN S. KHAN's Illegal Prescribing Practices**

    xvi.      In summary, from in or around January 2017 and continuing through in or around December 2022, in the District of Vermont and elsewhere, ADNAN S. KHAN admits and agrees that he did knowingly and intentionally combine, conspire, confederate and agree with Co-Conspirator 1 to distribute and dispense Schedule III controlled substances, specifically buprenorphine, outside of the usual course of professional practice and without a legitimate medical purpose.

    xvii.      ADNAN S. KHAN further admits and agrees that, from in or around January 2017 and continuing through December 2022, ADNAN S. KHAN prescribed approximately 11,917 8mg tablets of buprenorphine to the five patients identified in the Indictment.

5.    ADNAN S. KHAN understands that it is a condition of this agreement that he refrain from committing any further crimes, whether federal, state or local, and that if on release he will abide by all conditions of release.

6

6.       ADNAN S. KHAN acknowledges that he understands the nature of the charges to which he will plead guilty and the possible penalties.  He also acknowledges that he has the following rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel and if necessary have the court appoint counsel at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses; the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses.  He understands that by pleading guilty, he will waive these rights.  He also understands that if his guilty plea is accepted by the Court, there will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

7.       ADNAN S. KHAN fully understands that he may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement, other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and no limit (except as otherwise provided in this agreement) on the positions the United States may take at sentencing.  Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside of the advisory sentencing range, except as otherwise set forth in this agreement.   The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

8.    ADNAN S. KHAN fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. ADNAN S. KHAN understands his criminal history could impact both the offense level and the criminal history category applicable to his Guideline calculation. He fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. He acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

9.    Upon demand, ADNAN S. KHAN shall furnish the United States Attorney's Office a personal financial statement and supporting documents relevant to the ability to satisfy any fine or restitution that may be imposed in this case. ADNAN S. KHAN expressly authorizes the United States Attorney's Office to obtain a credit report on him at any time before or after sentencing in order to evaluate his ability to satisfy any financial obligation imposed by the court. If the court orders restitution and/or a fine due and payable immediately, ADNAN S. KHAN agrees that the U.S. Attorney's Office is not precluded from pursuing any other means by which to satisfy his full and immediately enforceable financial obligation. ADNAN S. KHAN understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

10.    ADNAN S. KHAN agrees to provide the Clerk's office, at the time this plea agreement is executed, a bank cashier's check, certified check, or postal money order payable to the Clerk, United States District Court, in payment for the mandatory special assessment of $100 for which he will be responsible when sentenced. He understands and agrees that, if he fails to pay the special assessment in full prior to sentencing, the sentencing recommendation obligations

8

of the United States under this plea agreement will be terminated, and the United States will have the right to recommend that the Court impose any lawful sentence. Under such circumstances, he will have no right to withdraw his plea of guilty.

11.    ADNAN S. KHAN acknowledges that, under certain circumstances, he is entitled to appeal his conviction and sentence. After consulting with counsel, the defendant agrees that he will not file a direct appeal, or collaterally attack, his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. §2255. Nor will he pursue such an appeal or collateral attack to challenge the Court's sentence as described in the following terms. The waiver covers the term of imprisonment imposed by the Court if that term does not exceed 16 months. The waiver covers any claim challenging the Court's variance or departure, including the substantive reasonableness of the variance or the Court's explanation for its variance or departure decision. The defendant expressly acknowledges that he is knowingly and intelligently waiving his rights to appeal or collaterally attack his conviction and sentence. Nothing in this waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

12.    The United States agrees that in the event that ADNAN S. KHAN fully and completely abides by all conditions of this agreement, the United States will:

a.    move to dismiss the remaining Counts of the Indictment at the time of sentencing;

b.    not file additional federal charges based on the conduct described in the factual stipulations at paragraph 4 and for violations of 21 U.S.C. § 846, 21 U.S.C. § 841, 18 U.S.C. § 1347, 18 U.S.C. § 1349, 18 U.S.C. § 1956, or 26 U.S.C. § 7201 from January 2017 through to the date of the signing of this agreement, committed by him in the District

of Vermont or District of New Hampshire. This agreement does not prevent the United States from filing charges related to conduct outside the scope of the factual stipulations contained within paragraph 4;

     c.    recommend to the sentencing Court that he be sentenced to a term of imprisonment at the low end of the Sentencing Guidelines range if the final offense level is 12 or above;

     d.    recommend that he receive a two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that (1) he cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense of conviction and not falsely denying any relevant conduct for which he is accountable under U.S.S.G. § 1B1.3, (2) he abides by the conditions of his release, and (3) provided that no new information comes to the attention of the United States relative to the issue of his receiving credit for acceptance of responsibility; and

     e.    move for an additional one-point credit for timely acceptance of responsibility, if the offense level (before acceptance) is 16 or greater and he meets the conditions in the subparagraph above.

13.    If the United States determines, in its sole discretion, that ADNAN S. KHAN has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute him for any other offenses he may have committed in the District of Vermont. ADNAN S. KHAN understands and

agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

14.    The parties stipulate and agree that, based on ADNAN S. KHAN prescribing over 10,000 tablets of a Schedule III controlled substance, his base offense level for violating 21 U.S.C. § 846 is 14 under Section 2D1.1(c)(13). Because ADNAN S. KHAN used his medical license and DEA registration in order to distribute the controlled substances, his offense level is subject to a two-level enhancement for abuse of trust under Section 3B1.3. Because ADNAN S. KHAN has accepted responsibility, his base offense level should be reduced by two levels under Section 3E1.1. And, because ADNAN S. KHAN does not have any criminal history, he is eligible for a further two-level reduction under Section 4C1.1. Thus, his total offense level is 12.

15.    ADNAN S. KHAN acknowledges and consents that any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the charged offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy, as described in Paragraph 4 above, may be subject to forfeiture.

16.    The United States and ADNAN S. KHAN stipulate and agree that the United States is entitled to forfeiture of a money judgment in this case, with the specific amount to be set by the Court at the time of sentencing. The parties stipulate and agree that the amount potentially subject to forfeiture in this case is no less than $75,000, reflecting a reasonable estimate of the amount of revenue that was generated by ADNAN S. KHAN's writing prescriptions to five patients over the course of the conspiracy as identified in the Indictment, and no more than $328,594.75, reflecting a reasonable estimate of the amount of proceeds that ADNAN S. KHAN received from prescribing single-ingredient buprenorphine at dosages of 24mg or greater over the course of the conspiracy as identified in the Indictment.

17.    ADNAN S. KHAN agrees that the forfeiture of the money judgment shall not be deemed as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. The United States agrees that the proceeds from any property forfeited pursuant to this agreement may be subsequently remitted or restored to a victim, and such remission or restoration shall be offset against any restitution order entered or issued by the Court. ADNAN S. KHAN understands that remission and restoration of such forfeited assets to victims of the offense is not guaranteed.

18.    ADNAN S. KHAN agrees that by entering into this plea agreement, he voluntarily and knowingly waives any claim he may have that the forfeiture, administrative or judicial, civil or criminal, of the above property, in any way violates any of his rights, including his rights under the Fifth and Eighth Amendments to the Untied States Constitution, including that such forfeiture, whether preceding or following this criminal prosecution, would constitute double jeopardy, cruel and unusual punishment, an excessive fine, a disproportionate punishment, or a violation of due process. ADNAN S. KHAN acknowledges and agrees that he has no constitutional right to a jury trial on the forfeiture of assets, and waives all constitutional, legal, and equitable defenses to the forfeiture of those assets in any proceeding.

19.    It is understood and agreed by the parties that should ADNAN S. KHAN's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and he may be prosecuted for any and all offenses otherwise permissible. ADNAN S. KHAN also agrees that the statute of limitations for all uncharged criminal offenses known to the United States as of the date it signs this plea agreement will be tolled for the entire period of time that elapses between the signing of this agreement and

the completion of the period for timely filing a petition under 28 U.S.C. § 2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the conviction.

20.     It is further understood that this agreement is limited to the Department of Justice, Criminal Division, Fraud Section and the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

21.     ADNAN S. KHAN expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, Timothy Doherty, Esq. and Gina Puls, Esq.  ADNAN S. KHAN further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement.  Furthermore, ADNAN S. KHAN expressly states that he is fully satisfied with the representation provided by his attorneys, Timothy Doherty, Esq. and Gina Puls, Esq., and has had full opportunity to consult with his attorneys concerning this agreement, concerning the applicability and impact of the Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

22.     No agreements have been made by the parties or their counsel other than those contained herein or in any written agreement supplementing this agreement.

UNITED STATES OF AMERICA
GLENN S. LEON
Chief
United States Department of Justice
Criminal Division, Fraud Section

September 10, 2024
_____
Date

By: _____
Thomas D. Campbell
Danielle H. Sakowski
Trial Attorneys
U.S. Department of Justice
Criminal Division


NIKOLAS P. KEREST
United States Attorney

September 10, 2024
_____
Date

By: /s/ Andrew C. Gilman
_____
Andrew C. Gilman
Assistant United States Attorney
United States Attorney's Office
District of Vermont


9/12/2024
_____
Date

_____
ADNAN S. KHAN
Defendant


I have read, fully reviewed and explained this agreement to my client, ADNAN S. KHAN. I believe that he understands the agreement and is entering into the agreement voluntarily and knowingly.

9/12/24
_____
Date

_____
Timothy Doherty
Gina Puls
Downs Rachlin Martin PLLC
Counsel for the Defendant


14